[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned matter comes before this court on cross motions to vacate and confirm an arbitration award in which the arbitrators ruled that the issue submitted was not ripe for adjudication. The plaintiff union seeks to vacate the award on the grounds that the arbitrators either exceeded their powers or failed to execute them in that they did not rule substantively on the issue presented. The defendant municipal employer has moved to confirm the award.
The parties have stipulated that the following factual background is accurate. The plaintiff union filed a grievance on or about June 14, 1993 alleging that the Town of Newtown had violated the collective bargaining agreement concerning its members, who are employed in the Newtown police department, by taking the position that in order to be eligible for an annual cost of living increase in their pensions when they retire other than by reason of disability, they must be fifty-five years old and must have served twenty-five years at the time of retirement. The police union claimed that the cost of living increase should CT Page 3417 apply at age fifty-five to non-disability retirees who retired before age fifty-five.
The grievance proceeded through the contractual grievance procedure. On June 24, 1993, the union filed a demand with the State Board of Mediation and Arbitration ("board") for binding arbitration of the dispute. On December 9, 1993, the town filed a notice with the board pursuant to Conn. Gen. Stat. § 31-97
claiming that the grievance was not arbitrable because it was not ripe, that is, that the town had not applied its interpretation to any actual employee. When the arbitration was convened by a three member panel of the board on April 9, 1996, the parties could not agree upon the statement of the issue to be submitted.
The union proposed the following submission:
 Did the Town breach the 1989-1991 collective bargaining by indicating that non-disabled employees who retire before attaining the age of fifty-five will not receive the Cost of Living Adjustment set forth in Section 14.16 when such employees do attain the age of fifty-five?
The town proposed the following submission:
 Whether the Town violated § 14.16 of the parties' 1989-91 agreement in taking the position that one of the eligibility requirements for an employee to receive a cost of living adjustment to his or her retirement benefit is that he or she be at least age 55 at the time of his or her retirement, unless the employee retire pursuant to § 14.07?
After one witness had testified, the chairperson of the panel called a recess and met with counsel for the parties and inquired whether the town had raised a claim that the dispute was not arbitrable. The parties advised the arbitrator of the December letter in which the town had claimed that the grievance was not ripe for arbitration; however, the union took the position that this nonarbitrability issue had been waived because the town had not proposed in its submission that arbitrability be decided but had submitted the issue of its interpretation to be decided on the merits. The town took the position that it had not waived the issue of arbitrability and was pursuing its claim that the grievance was not arbitrable because it was not ripe. CT Page 3418
The arbitration panel suspended the arbitration and asked for briefs on the issues of ripeness and arbitrability. The union indicated that it wished to present evidence on the issue of ripeness. Because the arbitration panel decided it would not hear further evidence that day, the union proffered its evidence concerning ripeness in its brief.
In its brief to the panel, the union argued that the issue of interpretation was ripe because there were union members who had or were about to have twenty-five years of service who needed to calculate their retirement income in order to be able to decide whether to retire before age fifty-five or to wait until they reached that age. The union noted that it would be unfair to require an employee to take the risk of retiring early and waiting until age fifty-five to see if the town would pay the cost of living increase and then grieving the denial of that increase when it had become impossible to return to active duty to avoid the financial disadvantage if he or she were held not be eligible.
After receiving briefs from both parties, the arbitration panel issued a ruling on July 16, 1996. The panel noted that the parties had not agreed on a submission and stated that it found the following to be the issue being grieved:
 What is the proper interpretation of Article XIV Section 14.16 of the labor contract between the parties, marked Joint [Exhibit] 1, as to what employees would be eligible for a cost of living adjustment to their pension?
The panel then stated that its "next ruling" was on the town's claim of nonarbitrability, where the panel stated "was properly filed in accordance with the procedures set forth by the State Board of Mediation and Arbitration." The panel ruled that the dispute was nonarbitrable because no actual dispute existed concerning the payment to be made to any individual employees; however, the panel observed that "[i]t is obvious that the problem may, in the future, affect individual employees, at which time the matter would have to be resolved" The panel urged the parties to negotiate and resolve the prospect of future cases about ineligibility by interim bargaining rather than by grievance arbitration.
In applying for an order making this award, the union asks this court to determine that the dispute was in fact arbitrable CT Page 3419 because the town waived the issue of arbitrability by failing to raise it at every opportunity, in particular, in suggesting the wording of the submission.
Threshold issues of arbitrability may be submitted to the court or may be committed to the arbitrators themselves for determination under the terms of the contract. White v. Kampner,229 Conn. 465, 476 (1994). Where a party objects to the arbitrability of the dispute before the commencement of arbitration proceedings, the issue of arbitrability is preserved and may be ultimately determined by the court. White v. Kampner,219 Conn. 478. If, however, a party fails to object to arbitration, that party waives its right to have the issue of arbitrability ultimately decided by the trial court. Id., NewBritain v. State Board of Mediation and Arbitration,178 Conn. 557, 560 (1979).
The arbitration panel found that the town had disputed arbitrability. The union maintained that the dispute was arbitrable. The panel explicitly asked the parties to submit briefs on the issue whether the issue was outside the agreement to arbitrate because it was not ripe, since the town's interpretation had not actually been applied to any union member
Neither the town nor the union resorted to the court for a determination on arbitrability, nor did the arbitrators ask the advice of the court pursuant to Conn. Gen. Stat. § 52-415. This court therefore concludes that the parties implicitly submitted the issue of arbitrability to the arbitration panel.
The Supreme Court has ruled repeatedly that a party who voluntarily submits a dispute to arbitration without objecting to the arbitrability of the dispute waives judicial review of that issue. New Britain v. State Board of Mediation and Arbitration,178 Conn. 561. Where a party preserves an objection to arbitration by asserting it in the arbitration, that party preserves its right to have the issue ultimately determined by the trial court. White v. Kampner, 229 Conn. 478. In this case, however, the objection to the conclusion on arbitrability is not by the party that objected to arbitration but by the party who took the position that the issue was arbitrable and chose to have the arbitration panel determine that issue. Having failed to seek a judicial determination when it knew that the panel would decide arbitrability, the union is in the same position as a party that fails to raise an objection to arbitrability. Having either CT Page 3420 explicitly or by silence and waiver taken the position that the issue of arbitrability is for the arbitrators to decide, the union is not entitled to raise an objection to the panel's determination upon a motion to vacate. White v. Kampner,229 Conn. 465, 476 (1994); Board of Education v. Waterbury TeachersAssociation, 168 Conn. 54, 63 (1975).
The union argues that it took the position that the town had waived its objection to arbitrability. That claim did not, however, constitute an objection to the authority of the panel to decide the issue of arbitrability; rather, by urging the panel to decide that the town had waived its objection, the union was merely advocating what the determination on arbitrability should be, not disputing the panel's authority to decide arbitrability.
By its conduct and by its failure to seek a prior court determination on the issue of arbitrability, the union submitted to the panel the determination whether the issue was arbitrable. The panel responded in the negative. Even if the union were held to be entitled to raise the accuracy of that determination on a motion to vacate, contrary to the case law cited above, the standard of review would be whether the award conformed to this part of the issue submitted, that is, whether the dispute was arbitrable. Garrity v. McCaskey, 223 Conn. 1, 4 (1992); Hartfordv. Board of Mediation Arbitration, 211 Conn. 7, 14 (1989). Since the union submitted the issue of arbitrability to the panel, and since the panel resolved that issue, this cannot review whether that determination was correct. See Garrity v.McCaskey, 223 Conn. 4.
For the foregoing reasons, the application to vacate the arbitration award is denied; the application to confirm it is granted.
Beverly J. Hodgson Judge of the Superior Court